UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Miguel Ramos, and Jose Marrero, *on behalf of themselves and others similarly situated in the proposed FLSA Collective Action,*

Case No.: 21-cv-4052

                                          *Plaintiffs*,

**Jury Trial Demanded**

        *- against -*

**FIRST AMENDED COMPLAINT**

56 St Auto Repair Inc., 56th Street Automobile
Repair Incorporated, and Miguel Cintron,

                                          *Defendants*.
-----------------------------------------------------------------X

Plaintiffs Miguel Ramos  ("Ramos") and Jose Marrero ("Marrero", and together, the

"Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys,

Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information

and belief as to others, brings this first amended complaint against Defendants 56 St Auto Repair

Inc., 56th Street Automobile Repair Incorporated (together, the "Corporate Defendants"), and

Miguel Cintron (the "Individual Defendant", and together with the Corporate Defendants, the

"Defendants") and states as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this lawsuit seeking recovery, for themselves and all other similarly

situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§

201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law

("NYLL") and their supporting New York State Department of Labor regulations.

2.       Plaintiffs seek injunctive and declaratory relief and to recover unpaid minimum

wages, overtime wages, unpaid spread-of-hours, unlawfully deducted wages, liquidated and

statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the

FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216

(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs'

claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.      This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28

U.S.C. § 1331 because their claims arise under the FLSA.

5.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b)

and (c), because all events relevant to this action occurred in this District, and the acts and

omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF MIGUEL RAMOS**

6.      Plaintiff Ramos is a resident of Brooklyn, New York.

7.      Plaintiff Ramos was employed as a mechanic at Defendants' automobile repair

shop located at 249 56th Street, Brooklyn, NY 11220 ("56th Street Auto") from on or around

February 2016 through and including February 2019.

8.      Plaintiff Ramos was employed as a non-managerial employee at 56th Street Auto

from on or around February 2016 through and including February 2019.

9.      At all relevant times, Plaintiff Ramos has been an employee within the meaning of

Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF JOSE MARRERO**

10.      Plaintiff Marrero is a resident of Brooklyn, New York.

11.      Plaintiff Marrero was employed as a mechanic at 56th Street Auto from on or

around August 2016 through and including February 2017.

12.     Plaintiff Marrero was employed as a non-managerial employee at 56th Street Auto

from on or around August 2016 through and including February 2017.

13.     At all relevant times, Plaintiff Marrero has been an employee within the meaning

of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT 56 ST AUTO REPAIR INC.**

14.     Upon information and belief, Defendant 56 St Auto Repair Inc. is a domestic

corporation organized and existing under the laws of the State of New York. Upon information

and belief, it maintains its principal place of business at 249 56th Street, Brooklyn, NY 11220.

15.     At all times relevant to this Complaint, Defendant 56 St Auto Repair Inc. (i) has

had and continues to have employees engaged in commerce or in the production of goods and

services for commerce and handling, selling, or otherwise working on goods or materials that

have been moved in or produced for commerce by any person and (ii) has had and continues to

have an annual gross volume of sales of not less than $500,000.00.

16.     At all times relevant to this Complaint, Defendant 56 St Auto Repair Inc.  was and

is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times

relevant to this Complaint, employed employees, including Plaintiffs.

17.     At all times relevant to this Complaint, Defendant 56 St Auto Repair Inc. was and

is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and

employed employees, including Plaintiffs.

**DEFENDANT 56TH STREET AUTOMOBILE REPAIR INCORPORATED**

18.     Upon information and belief, Defendant 56th Street Automobile Repair

Incorporated is a domestic corporation organized and existing under the laws of the State of New

York. Upon information and belief, it maintains its principal place of business at 249 56th Street, Brooklyn, NY 11220.

19.    At all times relevant to this Complaint, Defendant 56th Street Automobile Repair Incorporated (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

20.    At all times relevant to this Complaint, Defendant 56th Street Automobile Repair Incorporated was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

21.    At all times relevant to this Complaint, Defendant 56th Street Automobile Repair Incorporated was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT MIGUEL CINTRON**

22.    Defendant Miguel Cintron is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

23.    Defendant Miguel Cintron is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

24.    Defendant Miguel Cintron possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

25.    Defendant Miguel Cintron determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

26.     At all times relevant to this Complaint, Defendant Miguel Cintron was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

27.     Defendants own, operate and/or control an automobile repair shop known as "56th Street Auto" located at 249 56th Street, Brooklyn, NY 11220.

28.     The Individual Defendant possesses operational control over the Corporate Defendants, possesses an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

33.     Upon information and belief, the Individual Defendant operates the Corporate Defendants as either an alter ego of himself, and/or fails to operate the Corporate Defendants as

an entity legally separate and apart from themselves, by, among other things:

    a.      failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as a separate and legally distinct entities;

    b.      defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    c.      transferring assets and debts freely as between all Defendants;

    d.      operating the Corporate Defendants for their own benefit as the majority shareholders;

    e.      operating the Corporate Defendants for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

    f.      intermingling assets and debts of their own with the Corporate Defendants;

    g.      diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

    h.      other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

35.     Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## FACTUAL ALLEGATIONS

### *Miguel Ramos*

36.     Plaintiffs and other similarly situated individuals are individuals who have worked

for Defendants in similarly-titled, hourly paid position, during the statutory period.

37.     Plaintiffs and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

38.     Ramos was an employee of Defendants.

39.     Ramos worked as a mechanic at the automobile repair shop known as "56th Street Auto" located at 249 56th Street, Brooklyn, NY 11220.

40.     At 56th Street Auto, Ramos regularly worked in excess of forty (40) hours per week.

41.     From approximately February 2016 through and including February 28, 2018, Ramos worked six (6) days a week: ten (10) hours each day, Monday through Saturday, for a total period of 60 hours during each of the weeks, respectively.

42.     From approximately March 2018 through and including February 2019, Ramos worked six (6) days a week: ten (10) hours each day, Monday through Saturday, for a total period of 60 hours during each of the weeks, respectively.

43.     Throughout his employment with Defendants, Ramos was paid his wages in cash.

44.     From approximately February 2016 through and including February 28, 2018, Defendants paid Ramos a fixed salary of $650 per week.

45.     From approximately March 2018 through and including February 2019, Defendants paid Ramos a fixed salary of $800 per week.

*Jose Marrero*

46.     Marrero was an employee of Defendants.

47.     Marrero worked as a mechanic at the automobile repair shop known as "56th Street Auto" located at 249 56th Street, Brooklyn, NY 11220.

48.     At 56th Street Auto, Marrero regularly worked in excess of forty (40) hours per week.

49.     From approximately August 2016 through and including February 2017, Marrero worked six (6) days a week: 8:00 a.m. to 6:00 p.m., ten (10) hours each day, Monday through Saturday, for a total period of 60 hours during each of the weeks, respectively.

50.     Throughout his employment with Defendants, Marrero was paid his wages in cash.

51.     From approximately August 2016 through and including February 2017, Defendants paid Marrero a fixed salary of $750 per week.

52.     Plaintiffs regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

53.     Plaintiffs' wages did not vary regardless of how many additional hours they worked in a week.

54.     At all relevant times, Defendants did not compensate Plaintiffs for one hour's pay at the basic minimum hourly wage rate for each day their shift exceeded ten (10) hours.

55.     Defendants never granted Plaintiffs with meal breaks or rest periods of any length.

56.     Plaintiffs were not required to keep track of their time, nor to their knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected their actual hours worked.

57.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages are required under the FLSA or NYLL.

58.     Defendants did not provide Plaintiffs a statement of wages, as required by NYLL 195(3).

59.     Defendants did not give any notice to Plaintiffs, in English and in Plaintiffs' primary language, of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

60.     At all relevant times, Defendants did not pay Plaintiffs at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

61.     Defendants required Plaintiffs to purchase "tools of the trade" with their own funds – including multiple socket sets, ratchets, breaker bars, air guns, air chisels, air grinders, plyers, fuel pressure testers, compression tester, and ball joint removal tools.

### FLSA COLLECTIVE ACTION ALLEGATIONS

62.     Plaintiffs bring the First, Second, Third, Fourth and Fifth Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to mechanics) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

63.     At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

64.     The First, Second, Third, Fourth and Fifth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and

others related to this action, their names and addresses are readily available from the Defendants.

Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address

known to Defendants

65.     Plaintiffs reserve the right to re-define the FLSA Collective Plaintiffs prior to

notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

66.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth

herein.

67.     Defendants willfully and intentionally failed to compensate the Plaintiff with the

applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

68.     Defendants have failed to make a good faith effort to comply with the FLSA with

respect to compensation of Plaintiffs.

69.     Due to Defendants' violations of the FLSA, Plaintiffs, on behalf of themselves and

FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their

unpaid minimum wages and an equal amount in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be

determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

70.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth

herein.

71.     At all relevant times to this action, Plaintiffs are covered, non-exempt employees

within the meaning of the FLSA.

72.     Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

73.     Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

74.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

75.     Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

76.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

77.     Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

78.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

79.     Due to Defendants' violations of the NYLL, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant

to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

80.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

81.     Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

82.     Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

83.     Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

84.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

85.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

86.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

87.     Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiffs' shifts spread over more than ten (10) hours.

88.     By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

89.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

90.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

91.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

92.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

93.     Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

94.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

95.     With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

96.     As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## EIGHTH CLAIM
### (Recovery of Equipment Costs)

97.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

98.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

99.     Plaintiffs were damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

    a.      authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have

14

up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b.    certification of this case as a collective action pursuant to the FLSA;

c.    issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

d.    declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.    declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f.    declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g.    declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h.    awarding Plaintiffs unpaid minimum wages;

i.    awarding Plaintiffs unpaid overtime wages;

j.    awarding Plaintiffs unpaid spread-of-hours pay;

k.    awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

l.    awarding unpaid wages under the NYLL and the New York State contract law;

m.    awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

n.    awarding Plaintiffs pre- and post-judgment interest under the NYLL;

o.    awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and

p.    Such other relief as this Court deems just and proper.

Dated: New York, New York
      August 23, 2021                     Respectfully submitted,


By:  /s/ Joshua Levin-Epstein
       Joshua Levin-Epstein
       Jason Mizrahi
       Levin-Epstein & Associates, P.C.
       60 East 42nd Street, Suite 4700
       New York, New York 10165
       Tel: (212) 792-0046
       Email: Joshua@levinepstein.com
       *Attorneys for the Plaintiffs and proposed FLSA*
       *Collection Action Plaintiffs*